Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
for the

District of MASSACHUSETTS

_____ Division

| | | |
|---|---|---|
| Ebonia Elliott-Lewis | ) | Case No. _____ |
| _Plaintiff(s)_ | ) | _(to be filled in by the Clerk's Office)_ |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) | |
| -v- | ) | |
| Abbott Laboratories | ) | |
| _Defendant(s)_ | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) | |

FILED IN CLERKS OFFICE
2019 MAR -1 AM 8:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT AND REQUEST FOR INJUNCTION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Ebonia Elliott-Lewis |
   | Street Address | 35 Draper Ave |
   | City and County | Westwood, Norfolk County |
   | State and Zip Code | MA 02090 |
   | Telephone Number | 781-769-3905 |
   | E-mail Address | elliottlewisabt@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1
- Name: Abbott Laboratories
- Job or Title *(if known)*: U.S. Corporate Headquarters
- Street Address: 100 Abbott Park Road
- City and County: Abbott Park, Lake County
- State and Zip Code: IL 60064
- Telephone Number: (224) 667-6100
- E-mail Address *(if known)*:

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question       ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Federal Food, Drug & Cosmetic Act (FDCA); Federal False Claims Act (FCA); Federal Anti-Kickback Statute (AKS); Common Rule (45 CFR part 46); Fourth Amendment's proscription against unreasonable searches and seizures (including seizing a person's body); the Fifth Amendment's proscription against depriving one of life, liberty or property without due process; the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment; Law of Nations

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____
    and has its principal place of business in the State of *(name)* _____

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    b.      If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

This complaint contains a continuation of events described in civil case #1:14-cv-13155, a case filed in 2014 that is currently in discovery. Defendant's proposed discovery schedule was adopted at the hearing on 01/08/2019. All requests for production of documents and interrogatories must be served by 02/11/19. All requests for admission must be served by 03/11/19. Defendant's Notice of Data Breach dated 02/06/2019 marks at least three (3) incidents of financial intimidation against me, and these actions threaten my further participation in civil case #1:14-cv-13155. Predecessor counsel withdrew in August 2018. I am proceeding pro se. Five years after filing suit, my damages continue to accrue as a result of Defendant's wrongful conduct; therefore, the amount at stake exceeds the $75,000 threshold.

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.      Where did the events giving rise to your claim(s) occur?

This is a complaint against the Defendant for harassment by intentional or negligent infliction of emotional distress and invasion of privacy. The key events in this complaint occurred in three states: Massachusetts, Illinois, and California. I am a Massachusetts resident and my residence is also my place of business. The Defendant has a corporate headquarters in Illinois and the ultimate decision maker in my termination was based in Illinois. My employment agreement was fully executed during New Hire Orientation at Abbott Vascular headquarters in California. Abbott Vascular is the Abbott Laboratories entity that hired and trained me. I am in discovery in case 1:14-cv-13155. I filed this pro se complaint as a new action so that the first amended complaint in 1:14-cv-13155 will remain unmodified. I understand that this new complaint be may joined with case 1:14-cv-13155 at the Court's discretion.

B.     What date and approximate time did the events giving rise to your claim(s) occur?

Defendant's Notice of Data Breach dated 02/06/2019 marks the third incident of financial intimidation against me which constitutes a pattern of harassment:

The FIRST INCIDENT was Defendant's denial of my company leave benefits and Defendant's wrongful termination of my employment in May 2014.

The SECOND INCIDENT was Defendant's intentional misrepresentation to the Commonwealth of Massachusetts concerning the reason for my unemployment: "You failed to return to work following your medical leave of absence. You did not supply your employer with the requested proper medical documentation necessary to extend your leave." Defendant's misrepresentation resulted in my disqualification for state unemployment benefits in June 2014.

The THIRD INCIDENT was Defendant's Notice of Data Breach dated 02/06/2019, which was delivered to my home by the United States Postal Service. The four-page breach notice explains that Defendant is responsible for an uncontrolled dissemination (without my informed consent) of my personal information, including my social security number. The letter does not contain any information about when or how the data breach occurred. However, the timing of the breach notice coincides with the discovery deadline proposal offered by Defendant's counsel in open court on 01/08/2019.

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Throughout this complaint, "Defendant" means Abbott Laboratories, its subsidiaries, and the contractors, employees, attorneys, and agents, and any other person or entity acting or purporting to act on their behalf, at their direction, or under their supervision. The response to this section is attached separately with exhibits.

**WHAT ARE THE FACTS UNDERLYING YOUR CLAIM?**

<u>THE THIRD INCIDENT</u>
1. I received a "Notice of Data Breach"[i] from the Defendant dated "February 6, 2019," that was delivered to my home by the United States Postal Service. The four-page letter explains that Defendant is responsible for an uncontrolled dissemination (without my informed consent) of my personal information, including my social security number. The letter goes on to declare, "There are steps you can take to protect yourself, such as placing a freeze on your credit report."
2. The data breach notice says, "…placing a security freeze on your credit report may delay, interfere with, or prevent the timely approval of any requests you make for new loans, credit, mortgages, employment, housing, or other services."
3. The extraordinary remedy of an injunction is warranted because I am without counsel and this is a consolidated action with a dismissed (although not final) qui tam case where a fundamental error of law has been described. The qui tam claims that I brought on behalf of the United States are also, in effect, unrepresented by counsel. I have inquired with more than 30 law firms seeking successor counsel to represent me in the employment action. For about one-third of those inquiries I received no response and of the responses received, only two of those interactions have progressed to the contract negotiation stage. Even though I assented to the first contingency fee amount that the attorney requested, both attorneys withdrew interest in my case before a fully executed agreement was reached. Predecessor counsel in this action was hired under a contingency fee arrangement and he says he will place a lien for some undisclosed amount on my case. In my consultation with the Office of the Bar Counsel of the Board of Bar Overseers, I learned that in Massachusetts, the Predecessor counsel's fee is paid by the successor attorney. But so far, no attorney has been willing to file a Notice of Appearance limited to my employment case in exchange for a contingency fee arrangement. That leaves me with the option of seeking an attorney to take the case hourly. The range of fees I have been quoted is $350-500/hour, which can easily amount to $20,000 per month.
4. In addition, the Defendant stated in the answer to my first amended complaint, "WHEREFORE, Abbott respectfully requests that the Court enter judgment in its favor on all claims alleged in Plaintiff's First Amended Complaint; award Abbott the costs, including attorneys' fees, incurred in defending this action…" so I could end up with yet another set of attorney fees for an undisclosed sum.
5. Defendant invoked this statement in answering the allegations in my first amended complaint, "No response is required to Paragraph 65 because it relates entirely to claims that the Court has already dismissed. (See Dkts. 44, 75.)"
6. I allege the preceding statement is false because the allegations in paragraph 65 relate both to my qui tam claims and to my employment claim under Count IV since both sets of claims hinge on FDCA regulatory violations.
7. I allege Defendant's answer was knowingly false in 2018 when it was made because irrespective of any False Claims Act implications, Defendant was well aware of regulatory implications of the company's conduct under 21 CFR 812 based on public comments Defendant made in 2002. See "Request for Comment on First Amendment Issues" at Docket 02N-0209.

**WHAT ARE THE FACTS UNDERLYING YOUR CLAIM?**

8. The data breach notice surfaced during the discovery schedule for case 1:14-cv-13155 that Defendant proposed in open court in January 2019.
9. A similar, but not identical, data breach notice can be found on a government website[ii] for the state of New Hampshire.
10. I saw my physician on 02/25/19 with a complaint of heart palpitations accompanied by a cough. At the office visit, I presented with a rapid heart rate and blood pressure exceeding 170/100.
11. My doctor prescribed[iii] Lorazepam and Sertraline, ordered 48-hour Holter monitoring, and instructed me to return for follow-up in six (6) weeks.
12. On 02/25/19, I also mailed the Defendant a certified letter[iv] (enclosed with my data breach notice) stating my intent to seek a protective order and injunctive relief.
13. I gave a statement about these events at my local police department the next day (Reference Report No. 19-187-OF by Officer Mark Randlett).

## THE FIRST INCIDENT AND THE SECOND INCIDENT (Chronology of Events)

14. As alleged in the First Amended Complaint for case 1:14-cv-13155, Defendant used the company's 2014 performance review process to direct me to "Increase ABSORB's penetration into PCI market" before my termination.
15. In writing, I refused to comply with the defendant's illegal directive.
16. FDA stated authoritatively to the United States Patent and Trademark Office (USPTO) that Defendant's ABSORB medical device premarket approval application was not granted until July 05, 2016.[v]
17. While on an approved leave[vi], I asked to be placed on paid leave (April 30, 2014 and May 02, 2014) consistent with company policies (C-196 Vacations, C-503 Family Leave of Absence).
18. On May 06, 2014, the ultimate decision maker told me by email, despite my reasonable requests to use paid leave, "As off 05-02-14 you were no longer on an approved leave and were expected to return to work."
19. I allege the ultimate decision maker's omission of my requested paid leave option constitutes a benefits denial: "The expectation is that you either report back to work and perform your job or submit additional medical documentation to the [sic] support your ongoing absence. Continued failure to return to work and perform your job may result in termination of your employment." See 29 CFR § 825.220.
20. On May 08, 2014, I saw my physician for an office visit seeking medical recertification.
21. My insurer provided me with a medical claims summary showing "Claim Number 0456079548901" with date of service "05/08/14."[vii] See 29 CFR § 825.308(d).
22. On May 09, 2014, the ultimate decision maker terminated me with accrued and yet unused paid leave when he said, "I will inform your manager that your employment is terminated effective 05-09-14."
23. The Defendant mailed me a paper check[viii] marked as "payroll" and dated "05/16/2014" that was delivered to my home.
24. I allege that the paper check was an untimely payment for wages in violation of the Massachusetts Wage Act.

**WHAT ARE THE FACTS UNDERLYING YOUR CLAIM?**

25. I received an informal job offer letter[ix] for a $115,000 salary in June 2014, but that offer was rescinded after I submitted a copy of my employment agreement to the new employer.
26. Defendant's employment agreement with me, which I signed in 2010 in California, contains the following noncompete clause: "For a period of two years after termination of employment with ABBOTT, EMPLOYEE shall communicate EMPLOYEE's obligations under this agreement to each subsequent employer(s), including providing to each subsequent employer(s) a copy of this agreement and shall advise ABBOTT of the name and address of EMPLOYEE'S intended future employer. ABBOTT shall have the right to advise any subsequent employer of EMPLOYEE's obligations hereunder."
27. I requested unemployment but I received a Notice of Disqualification[x] from the Commonwealth of Massachusetts dated June 25, 2014, stating that I was not entitled to receive unemployment benefits. The reason given was, "Your leaving work under these circumstances is determined to be voluntary and without good cause attributable to the employing unit. You failed to return to work following your medical leave of absence. You did not supply your employer with the requested proper medical documentation necessary to extend your leave."
28. I timely appealed the disqualification. I was required to appear in person at a hearing on 08/28/2014. Defendant did not appear at the hearing.
29. I completed the hearing before Examiner Christopher L. White, who reversed[xi] the disqualification after finding that I was discharged.
30. Despite being eligible in May 2014, I could not collect unemployment until September 2014.
31. I received another job offer[xii] and I began work in October 2014.

---

[i] Exhibit: "Notice of Data Breach" addressed to Plaintiff dated 02/06/19
[ii] https://www.doj.nh.gov/consumer/security-breaches/documents/abbott-laboratories-20190205.pdf
[iii] Exhibit: Plaintiff's prescription information dated 02/25/19
[iv] Exhibit: Notice of protective order and injunctive relief request mailed to Defendant on 02/25/19
[v] Exhibit: Letter from FDA to U.S. Patent and Trademark Office
[vi] Exhibit: Defendant's letter of "Approval of Family Leave of Absence" dated 04/23/2014
[vii] Exhibit: Plaintiff's Insurance Provider Claims Summary with 05/08/14 office visit
[viii] Exhibit: Check stub image
[ix] Exhibit: Medical Affairs Manager job offer letter (rescinded)
[x] Exhibit: Notice of Disqualification for state unemployment benefits
[xi] Exhibit: Unemployment Hearing Appeals Result
[xii] Exhibit: Research Institute Coordinator job offer letter

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

I believe that Defendant seeks a strategic advantage over the United States Department of Justice on appeal in civil case #1:14-cv-13155 by using my employment claims discovery to obtain early, if not groundless, access to information concerning the dismissed qui tam claims. With knowledge that I am proceeding pro se, Defendant's Request for Production of Documents contains the following:

"REQUEST NO. 14: All documents you provided to or received from any Government Entity – including the Attorney General of the United States, the United States Attorney for the District of Massachusetts, the US Food and Drug Administration, and the Centers for Medicare and Medicaid Services – related to Abbott, this case, or any product Abbott has marketed, sold, or manufactured.
REQUEST NO. 15: All communications including any correspondence, petition, request, pleading or submission between you and any Government Entity – including the Attorney General of the United States, the United States Attorney for the District of Massachusetts, the US Food and Drug Administration, and the Centers for Medicare and Medicaid Services – related to Abbott, this case, or any product Abbott has marketed, sold, or manufactured."

Defendant fired me on May 9, 2014, but the civil lawsuit was filed several months later when I was no longer the Defendant's employee. These Requests for Production have no bearing on my claims for retaliation and wrongful termination because my employment claims are grounded in my protected conduct as an employee, not my actions as a former employee. I alleged that I was fired for refusing to engage in illegal conduct while employed by Defendant and for internally reporting illegal conduct via the Defendant's compliance program. The information Defendant currently seeks in discovery is material to the qui tam claims under Counts I and II, but this Court has TWICE granted Defendant's Motion to Dismiss my qui tam claims. I content the Defendant is trying to capitalize on my lack of legal counsel by seeking overly broad discovery about the dismissed qui tam case under the guise of mounting a retaliation/wrongful termination defense. Unfortunately, any disclosure that I make in discovery cannot be undone. Despite my best effort to secure competent counsel, I still do not have a lawyer and I am unlikely to secure a competent successor attorney under the current circumstances, where my ability to pay is in question. This places me in jeopardy of unwittingly damaging both my employment case and the consolidated qui tam action on appeal.

The benefits of an injunction far outweigh the potential harms to Defendant, who has already enjoyed the favor created by Defendant's continual use of misrepresentations. My case was dismissed in its entirety in 2016. But following a timely appeal, the Court denied Defendant's Motion to Dismiss Counts III and Count IV. In fact, when I asked the Court to enter a final judgment as to dismissing qui tam case, Defendant responded by adding an EIGHTH attorney to the roster in this employment case against a pro se plaintiff, only to oppose a final order of dismissal. Defendant's direct influence on my livelihood and now, Defendant's direct influence over my access to alternate financial resources, permits the grant of an injunction based on the current balance of equities. In addition, because this case is still a FRCP Rule 42 consolidation, I implore the Court to consider the high likelihood that the United States will suffer irreparable harm in discovery if the injunction is not granted.

Finally, these harrassment incidents exacerbate my concerns about my personal security during this unique litigation. The Court can protect the status quo by enjoining the Defendant from harassing and intimidating me and by implementing safeguards that force strict documentation of Defendant's interactions with me for the remainder of the civil litigation.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

(1.) I ask the Court to waive the security requirement under FRCP Rule 65(c) based on the extraordinary issues of public interest in this case. Injunction bond waiver is appropriate because the public interest value of this case outweighs any possible damage to Defendant. This case raises an error of law that was previously adjudicated in a 2002 US Supreme Court case titled Thompson v. Western States, which was narrowly decided 5-4. The facts in case 1:14-cv-13155 against the Defendant show that the majority opinion in Western States is erroneous and dissent contains the correct legal interpretation. Relative to Plaintiff, the Defendant, as an international corporation, is also better able to bear the financial burden of an erroneous issuance of relief, and since Defendant has in fact violated the law, Defendant should rightfully be required to bear that burden.
(2.) I ask the Court to order expedited discovery, given my intention to seek a temporary restraining order and preliminary injunction, concerning the narrow issue of the data breach described in Defendant's 02/06/2019 notice to me:
a. Request production of any and all non-privileged statements, correspondence, or other documents, that are in any way related to the "investigations" referenced in Defendant's 02/06/19 notice to me.
b. Explain what happened when my personal data was breached.
c. Explain why the data breach notice that I received contains no information about when the breach occurred.
d. Explain why the data breach notice that I received contains no description of how the breach occurred.
(3.) I ask the Court to enjoin the Defendant from deposing me using any method other than Depositions by Written Questions pursuant to FRCP Rule 31.
(4.) I ask the Court to order written briefs in lieu of oral argument whenever possible, at the Court's discretion.
(5.) I ask the Court to order the Defendant not to abuse me by physically harming me, attempting to physically harm me, or placing me in fear of imminent serious physical harm, and to stop harassing me by any willful and malicious conduct aimed at me and intended to cause fear, intimidation, abuse or damage to property.
(6.) I ask the Court to order the Defendant not to contact me, unless authorized to do so by the Court.
(7.) I ask the Court to order the Defendant to remain away from my residence.
(8.) I ask the Court to order the Defendant to remain away from my workplace.
(9.) I ask the Court to order impoundment of my personal information, including my home address and phone number, from the entire case record in this action (e.g. (b)(6) exemption under the Freedom of Information Act)
(10.) I ask the Court to order the Defendant to identify a service provider and pay the ongoing cost for my reputation monitoring and reputation management services for the remainder of this litigation and for 5 years after the termination of this litigation.
(11.) I ask the Court to declare punitive damages are warranted under Count IV in my civil action.
(12.) I ask the Court to order Defendant to carefully guard and keep confidential and not disclose or use any confidential, proprietary or private information (regardless of form) concerning me, my work, or my immediate family.
(13.) I ask the Court to declare that Defendant terminated my employment on May 9, 2014, in violation of the Massachusetts Wage Act.
(14.) I ask the Court to declare I engaged in protected conduct and that the Defendant knew that I was engaged in protected conduct when Defendant terminated my employment on May 9, 2014.
(15.) I ask the Court to declare that Defendant terminated my employment as an act of FMLA interference.
(16.) I ask the Court for such further relief as this Court may deem equitable and just.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 02/28/2019

Signature of Plaintiff _____

Printed Name of Plaintiff    Ebonia Elliott-Lewis

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

## JURAT

### Commonwealth of Massachusetts
### County of Norfolk

On this 28 day of FEBRUARY 20 19, before me, the undersigned notary public, personally appeared ___Ebonia Elliott-Lewis___ ("Plaintiff"), proved to me through satisfactory evidence of identification, which were Massachusetts driver's license, to be the person who signed the preceding COMPLAINT AND REQUEST FOR INJUNCTION in my presence, and who swore or affirmed to me the following:

- The plaintiff has reviewed the COMPLAINT AND REQUEST FOR INJUNCTION,
- Regarding the allegations of which the plaintiff has personal knowledge, the plaintiff knows or believes them to be true,
- Regarding the allegations of which the plaintiff does not have personal knowledge, the plaintiff believes them to be true based on the specified information and documents.

_____(Signature)

Notary Public



TAIWO S. BELLO
Notary Public, Commonwealth of Massachusetts
My Commission Expires September 16, 2022